# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

              Plaintiff,

      v.

**Kevin P. O'Neill**
a/k/a "Spike",
**Carl J. Warneke**
a/k/a "Jay",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",
**Randy M. Yager**
a/k/a "Mad",
**Johnson F. Blake**
a/k/a "Beeker",
**William B. Brock**
a/k/a "Bad Bill",
**James E. Hanson**
a/k/a "Manson",
**David A. Kadlec**
a/k/a "Kid",
**Allen J. McVay**
a/k/a "Big Al",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman",
**Harvey E. Powers**
a/k/a "RV",
**James C. Rostron**
a/k/a "Just Jim",
**James W. Schneider**
a/k/a "Preacher", and
**Leslie John Jensen**
a/k/a "Jack",

           Defendants.

Case No. 97-CR-98



U.S. DIST. COURT EAST DIST. WISC.
FILED

NOV 1 0 1998

AT _____ O'CLOCK _____ M
SOFRON B. NEDILSKY



---

Case 2:97-cr-00098-JPS    Filed 11/10/98    Page 1 of 51    Document 793

## Superseding Indictment

The Grand Jury Charges:

### Count One

### I. Introduction

1. At times material to this indictment:

a. The American Outlaw Association, better known as, and hereinafter referred to as, the Outlaws Motorcycle Club, was an international organization which engaged in, and the activities of which affect, interstate and foreign commerce.

b. Within the United States, the Outlaws Motorcycle Club is composed of individual chapters located in various cities throughout the country. Each chapter has a president, vice-president, treasurer and enforcer, as well as general members.

c. The various chapters are grouped into regions headed by a regional president and several additional regional officers. The regions, and each chapter thereof, ultimately falls under the authority of the national president.

d. The Chicago Region is comprised of three (3) chapters located in the Chicago metropolitan area, and chapters located in Joliet, Illinois; Gary, Indiana; and Milwaukee, Janesville, and LaCrosse, Wisconsin.

e. Membership in the Outlaws Motorcycle Club, which is limited to males only, is the result of a controlled process, beginning with an associate or "hanger-on" status, followed by a pledge or probationary period lasting approximately six (6) months. During the pledge period, probates are expected to

perform duties and assignments as directed by full members or "patches". Full membership or "patch" status requires the unanimous vote of the chapter sponsoring membership. New chapters will go through a probationary period for both the chapter and the individual members. Full Outlaws status for both the chapter and the members requires the unanimous vote of the chapter presidents within the region.

f. "Patches" and probates are expected to abide by a written code. Violations of the code may result in fines, expulsion, another probationary period, and/or physical violence.

g. The vestments or "colors" of full club membership include a leather or denim vest with a back patch consisting of the club emblem (skull with crossed pistons), surrounded by a top "rocker" with the word "Outlaws" and a bottom "rocker" identifying the chapter (e.g. "Milwaukee"). The vests may also display other symbols such as "MC" (motorcycle club), "A.O.A.", and a "One Percenter" diamond.

h. Probates will wear vests displaying patches identifying their probationary status. Females, though excluded from membership, may wear vests with patches reading "Property of Outlaws". Females associated with members, pledges or associates are referred to as "Old Ladies".

i. Members pay monthly dues to the chapter, a percentage of which is forwarded to the regional and national organizations. Members are also subject to special assessments or "taxes" for various special purposes. Funds are transferred

between chapters and the regional and national organizations as the need may require. Club members engaging in criminal activity which generates a profit are expected to contribute a portion of those proceeds to the chapter.

j. Chapter meetings are held regularly and are referred to as "church". Only full, patched, members are allowed to attend "church".

k. Patched and probate members are required to attend certain special events referred to as "runs", which may be organized on either the national or regional level. Failure to attend a "run" as required, subjects the member to disciplinary sanction.

## II. **The Enterprise**

2. At various times relevant to this indictment, the defendants and others known and unknown, were members and associates of the Chicago Region of the Outlaws Motorcycle Club, a criminal organization whose members and associates engaged in acts of violence, including murder, robbery and arson; narcotics trafficking; trafficking in stolen motor vehicles and motor vehicle parts; interstate transportation of stolen property; and the sale, purchase and passing of counterfeit United States currency.

3. The Chicago Region of the Outlaws Motorcycle Club, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter the enterprise), that is, a group of

individuals associated in fact. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

4. The Wisconsin/Stateline Chapter of the Outlaws Motorcycle Club (hereinafter the Wisconsin Chapter) is a local chapter of the national club, Chicago Region, which is active primarily within the southeastern/central counties of Wisconsin and the northeastern/central counties of Illinois, i.e. the stateline area. The chapter became an Outlaws chapter on or about January 1, 1991. Prior to that time, the chapter existed as the Booze Runners, a local motorcycle club allied with the Outlaws. The Booze Runners, and later the Wisconsin Chapter, operated from a chapter house located at 42741 Route 45, Antioch, Lake County, in the Northern District of Illinois from at least 1988 until 1994, when the clubhouse burned. Thereafter, the Wisconsin Chapter established a clubhouse at 1263 South Cherry Street, Janesville, Rock County, in the Western District of Wisconsin. The Wisconsin Chapter also used a facility located at 1106 Main Street, Union Grove, Racine County, in the Eastern District of Wisconsin, as a meeting place. The Wisconsin Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

5. The Milwaukee Chapter of the Outlaws Motorcycle Club (hereinafter the Milwaukee Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the Milwaukee, Wisconsin metropolitan area. The Milwaukee Chapter has operated from a chapter house located at 1835-9 South

2nd Street, Milwaukee, Milwaukee County, in the Eastern District of Wisconsin, from at least 1988 to the present. The Milwaukee Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

6. The Chicago (Southside) Chapter of the Outlaws Motorcycle Club (hereinafter the Chicago (Southside) Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the Chicago, Illinois metropolitan area. The Chicago (Southside) Chapter has operated from a chapter house located at 2601-03 W. 25th Street, Chicago, Cook County, in the Northern District of Illinois, from at least 1992 to the present. From at least 1988 to 1992 the chapter operated from a chapter house located at 2201 Roosevelt Road, Chicago, Cook County, in the Northern District of Illinois. Prior to approximately July 15, 1995, the Chicago (Southside) Chapter was the only local chapter of the Outlaws Motorcycle Club in the Chicago metropolitan area, and was known as the Chicago Chapter. The Chicago (Southside) Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

7. The Chicago (Northside) Chapter of the Outlaws Motorcycle Club (hereinafter the Chicago (Northside) Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the Chicago, Illinois, metropolitan area. The chapter became an Outlaws chapter on or about July 15, 1995. Prior to that time, the chapter existed as the Wheelmen, a local motorcycle club allied with the Outlaws. The Wheelmen, and later

the Chicago (Northside) Chapter, operated from a chapter house located at 3745 Division Street, Chicago, Cook County, in the Northern District of Illinois, from at least 1988 to the present. The Chicago (Northside) Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

8.   The Chicago (Westside) Chapter of the Outlaws Motorcycle Club (hereinafter the Chicago (Westside) Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the Chicago, Illinois, metropolitan area. The chapter became an Outlaws chapter on or about July 15, 1995. Prior to that time, the chapter existed as the High Spirits, a local motorcycle club allied with the Outlaws. The High Spirits, and later the Chicago (Westside) Chapter, operated from a chapter house located at 214 Park Street, Bensenville, Du Page County, in the Northern District of Illinois, from at least 1994 to the present. From at least 1988 to 1994, the High Spirits operated from a chapter house located at 1228 E. Harding, Des Plaines, Cook County, in the Northern District of Illinois. The Chicago (Westside) Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

9.   The Joliet Chapter of the Outlaws Motorcycle Club (hereinafter the Joliet Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in Will County, Illinois. The Joliet Chapter has operated from a chapter house located at 1917 E. Washington Street, Joliet, Will County, in the Northern District of Illinois, from at least 1992 to the

present.  From at least 1988 to 1992, the Joliet Chapter operated from a chapter house located at 204 Oak Street, Lockport, Will County, in the Northern District of Illinois.  The Joliet Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

10.  The Gary Chapter of the Outlaws Motorcycle Club (hereinafter the Gary Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in Lake County, and northeast, Indiana area.  The Gary Chapter has operated from a chapter house located at 3265 Carolina Street, Gary, Lake County, in the Northern District of Indiana from at least 1988 to the present.  The Gary Chapter has elected officers and formal membership categories indicated by the appropriate vestments.

11.  The LaCrosse Chapter of the Outlaws Motorcycle Club (hereinafter the LaCrosse Chapter) is a local chapter of the national club, Chicago Region, which is active primarily in the LaCrosse County and west central Wisconsin area.  The LaCrosse Chapter has operated from a chapter house located at 504 Avon Street, LaCrosse, LaCrosse County, in the Western District of Wisconsin from 1996 to the present.  The LaCrosse Chapter became an Outlaws Motorcycle Club chapter on or about February 15, 1997. The LaCrosse Chapter has elected officers and formal membership categories indicated by appropriate vestments.

12.  The following defendants were members and/or associates of the Outlaws Motorcycle Club:

(a)  Defendant Kevin P. O'Neill, a/k/a "Spike", was a member and president of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(b)  Defendant Carl J. Warneke, a/k/a "Jay", was a member and president of the Chicago (Southside) Chapter of the Outlaws Motorcycle Club.

(c)  Defendant Raymond L. Morgan, Jr., a/k/a "Shemp", was a member and president of the Gary Chapter of the Outlaws Motorcycle Club.

(d)  Defendant Robert A. Kruppstadt, a/k/a "Clay", was a member and vice-president of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(e)  Defendant Richard E. Mroch, a/k/a "Richie" was a member and vice-president of the Chicago (Southside) Chapter of the Outlaws Motorcycle Club.

(f)  Defendant Randy M. Yager, a/k/a "Mad", was the regional president of the Chicago Region, and a member and president of the Gary Chapter of the Outlaws Motorcycle Club.

(g)  Defendant William B. Brock, a/k/a "Bad Bill", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(h)  Defendant James E. Hanson, a/k/a "Manson", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(i) Defendant Johnson F. Blake, a/k/a "Beeker", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(j) Defendant David A. Kadlec, a/k/a "Kid", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(k) Defendant Allen McVay, a/k/a "Big Al", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(l) Defendant James E. Meinen, Jr., a/k/a "LJ", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(m) Defendant Randall E. Miller, a/k/a "Madman", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(n) Defendant Harvey E. Powers, a/k/a "RV", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(o) Defendant James C. Rostron, a/k/a "Just Jim", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(p) Defendant James W. Schneider, a/k/a "Preacher", was a member of the Wisconsin Chapter of the Outlaws Motorcycle Club.

(q)   Defendant Leslie John Jensen, a/k/a "Jack", was a member and president of the LaCrosse Chapter of the Outlaws Motorcycle Club.

### III.   Objects and Purposes

13.   It was an object and purpose of the enterprise to enforce discipline among members of the Outlaws Motorcycle Club by acts of violence.

14.   It was an object and purpose of the enterprise to protect and defend territory considered to be within the control of the Outlaws Motorcycle Club by acts of violence committed against members of rival motorcycle clubs.

15.   It was an object and purpose of the enterprise to possess and traffick in controlled substances for the benefit of the Outlaws Motorcycle Club and its members.

16.   It was an object and purpose of the enterprise to possess and traffick in stolen motor vehicles and motor vehicle parts for the benefit of the Outlaws Motorcycle Club and its members.

17.   It was an object and purpose of the enterprise to commit acts of robbery and burglary for the benefit of the Outlaws Motorcycle Club and its members.

18.   It was an object and purpose of the enterprise to possess and traffick in counterfeit United States currency for the benefit of the Outlaws Motorcycle Club and its members.

## IV. Means and Methods

19. To accomplish some of the objects and purposes of the enterprise, the defendants and others known and unknown to the grand jury, used, among others, the following means and methods:

a. Acts involving the murder of rival gang members, particularly members of the Hell's Angels Motorcycle Club and other motorcycle clubs allied with the Hell's Angels. These acts also consisted of murders committed in the course of, and/or in the furtherance of robberies committed for the benefit of the enterprise.

b. Acts involving arson against the person and properties of rival gangs and their members, particularly the Hell's Angels Motorcycle Club and other motorcycle clubs allied with the Hell's Angels.

c. Acts involving robbery against rival gang members, particularly the Hell's Angels Motorcycle Club and other motorcycle clubs allied with the Hell's Angels. These acts also consisted of robberies committed for the benefit of the enterprise.

d. Acts of the felonious dealing in controlled substances, including cocaine and marijuana.

e. Acts of the transportation in interstate and foreign commerce of stolen motor vehicles, and the possession with the intent to sell or otherwise dispose of motor vehicles

bearing a vehicle identification number which has been removed, obliterated, tampered with or altered.

f.   Acts of the transportation in interstate commerce of stolen property.

g.   Acts of the sale, purchase and passing of counterfeit United States currency.

20.   It was further part of the enterprise that the defendants and others known and unknown to the grand jury would possess, transport, and use firearms, silencers, explosives, explosive devices, and other deadly weapons, including but not limited to knives, and use violence and threats of violence to promote and conduct the affairs of the enterprise.

21.   It was further part of the enterprise that the defendants and others known and unknown to the grand jury would commit acts designed to intimidate owners, managers, employees, and customers of businesses frequented by members of rival gangs, particularly the Hell's Angels Motorcycle Club and other motorcycle clubs allied with the Hell's Angels.

22.   It was further part of the enterprise that the defendants and others known and unknown to the grand jury would assert that particular business and geographic locations were the exclusive territory of the Outlaws Motorcycle Club.

23.   It was further part of the enterprise that the defendants and others known and unknown to the grand jury would distribute quantities of controlled substances to each other and otherwise deal in controlled substances.

24. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would assert that the States of Wisconsin, Illinois and Indiana and parts of the State of New York, and elsewhere, was the territory of the Outlaws Motorcycle Club and that no other motorcycle clubs or organizations could operate or display "colors" within said territories without the consent of the Outlaws Motorcycle Club.

25. It was further part of the enterprise that the defendants would commit acts of violence, intimidation and threats against members and associates of other motorcycle clubs including, but not limited to, the Hell's Angels and other motorcycle clubs allied with the Hell's Angels.

26. It was further part of the enterprise that those defendants and other members known and unknown to the grand jury, who did not have felony convictions would possess firearms for the use of other defendants and members known and unknown to the grand jury who did have felony convictions.

27. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would possess and use and threaten the use of explosives and explosive devices to promote and conduct the affairs of the enterprise.

28. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would steal motor vehicles and sell the stolen motor vehicles or otherwise use the stolen motor vehicles to promote and conduct the affairs of the enterprise.

29. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would and did acquire and possess law enforcement information regarding the Outlaws Motorcycle Club, and other motorcycle clubs, including information about members, associates, and activities, and information regarding the activities of law enforcement concerning the Outlaws Motorcycle Club and other motorcycle clubs.

30. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would and did utilize the United States mail, other private and commercial carriers, and wire communications to promote and conduct the affairs of the enterprise.

31. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would acquire, use and distribute counterfeit money to promote and conduct the affairs of the enterprise.

32. It was further part of the enterprise that the defendants and others known and unknown to the grand jury would and did misrepresent, conceal and hide, and caused to be misrepresented, concealed, and hidden, the purpose of the acts, and the acts, done in furtherance of the enterprise.

## V. The Racketeering Violation

33. From on or about January 1, 1988, the exact date being unknown to the grand jury, and continuing to on or about

June 10, 1997, in the Eastern District of Wisconsin and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Carl J. Warneke**
a/k/a "Jay",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",
**Randy M. Yager**
a/k/a "Mad",
**Johnson F. Blake**
a/k/a "Beeker",
**William B. Brock**
a/k/a "Bad Bill",
**James E. Hanson**
a/k/a "Manson",
**David A. Kadlec**
a/k/a "Kid",
**Allen J. McVay**
a/k/a "Big Al",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman",
**Harvey E. Powers**
a/k/a "RV",
**James C. Rostron**
a/k/a "Just Jim",
**James W. Schneider**
a/k/a "Preacher", and
**Leslie John Jensen**
a/k/a "Jack",

and others known and unknown, being persons employed by and associated with the enterprise, that is, the Chicago Region of the Outlaws Motorcycle Club, as described above, which was an enterprise engaged in, and the activities of which affected, interstate and foreign commerce, knowing, willfully and unlawfully conducted and participated, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern

of racketeering activity, as those terms are defined in Title 18, United States Code, Sections 1961(1) and (5), to wit: through the commission of Racketeering Acts 1 through 34, as set forth below.

## VI.  The Pattern of Racketeering Activity

The pattern of racketeering activity as defined in Title 18, United States Code, Sections 1961(1) and (5), consisted of the following acts:

### Racketeering Act # 1

The defendants below committed the following acts involving arson, any one of which alone constitutes the commission of racketeering act # 1:

a.  On or about November 13, 1990, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike", and
**Randall E. Miller**
a/k/a "Madman",

did by means of an explosive, knowingly damage, without consent, buildings and personal property having a value of $150.00 or more, in violation of Ch. 38, ¶¶ 20-1 and 5-1 (Chapter 720, Sections 5/20-1(a) and 5/5-1) of the Illinois Statutes.

b.  On or about November 13, 1990, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike", and
**Randall E. Miller**
a/k/a "Madman",

did by means of an explosive, knowingly damage, without consent, buildings and personal property having a value of $150.00 or

more, and did injure as a result of the explosion, policemen present at the scene and acting in the line of duty, in violation of Ch. 38, ¶¶ 20-1, 20-1.1 and 5-1 (Chapter 720, Sections 5/20-1(a), 5/20-1.1(a)(3) and 5/5-1) of the Illinois Statutes.

### Racketeering Act # 2

On or about August 24, 1992, in Racine County, in the Eastern District of Wisconsin, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**David A. Kadlec**
a/k/a "Kid", and
**Randall E. Miller**
a/k/a "Madman",

did commit an act involving murder, that is, with the intent to kill, did cause the death of Donald Wagner, a/k/a "Domino", a human being, in violation of Sections 940.01(1) and 939.05(1) of the Wisconsin Statutes.

### Racketeering Act # 3

On or about January 30, 1993, in the Eastern District of Wisconsin and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Johnson F. Blake**
a/k/a "Beeker",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman", and
**James W. Schneider**
a/k/a "Preacher",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill members and associates of the Hell's Angels Motorcycle Club, and to effect the object of the conspiracy, one or more of said conspirators did travel to LaCrosse, Wisconsin in preparation for the intended killing(s), in violation of Sections 940.01(1), 939.31 and 939.05(1) of the Wisconsin Statutes.

### Racketeering Act # 4

The defendants below committed the following acts involving murder, any one of which alone constitutes the commission of racketeering act # 4:

a.  On or about April 7, 1993, in McHenry County, in the Northern District of Illinois, the defendants,

**Randall E. Miller**
a/k/a "Madman", and
**James W. Schneider**
a/k/a "Preacher",

did, without lawful justification, knowingly and intentionally kill Morris Gauger, a human being, while committing a forcible felony, to wit, robbery, in violation of Chapter 720, Sections 5/9-1(a)(3) and 5/5-1 of the Illinois Statutes.

b.  On or about April 7, 1993, in McHenry County, in the Northern District of Illinois, the defendants,

**Randall E. Miller**
a/k/a "Madman", and
**James W. Schneider**
a/k/a "Preacher",

20

did, without lawful justification, knowingly and intentionally kill Ruth Gauger, a human being, while committing a forcible felony, to wit, robbery, in violation of Chapter 720, Sections 5/9-1(a)(3) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 5

On or about August 5, 1993 in Rock County, in the Western District of Wisconsin, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Johnson F. Blake**
a/k/a "Beeker",
**William B. Brock**
a/k/a "Bad Bill",
**James E. Hanson**
a/k/a "Manson",
**Randall E. Miller**
a/k/a "Madman", and
**James W. Schneider,**
a/k/a "Preacher",

did commit an act involving robbery, that is, with intent to steal, did take property from the person of the owner by the use of force against said person, intended to overcome said persons physical resistance to the taking and carrying away of the property, in violation of Sections 943.32(1)(a) and 939.05(1) of the Wisconsin Statutes.

### Racketeering Act # 6

The defendants below committed the following acts, any one of which alone constitutes the commission of racketeering act # 6:

a. Between on or about October 1, 1993 and February 10, 1994, in Lake County, in the Northern District of Illinois and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Johnson F. Blake**
a/k/a "Beeker",
**Randall E. Miller**
a/k/a "Madman", and
**James W. Schneider,**
a/k/a "Preacher",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill, without lawful justification, Edward Murphy, and in furtherance thereof, one or more of said conspirators did commit, among others, the following overt acts: (1) On or about October 30, 1993, an explosive device was placed on a vehicle operated by Edward Murphy; (2) On February 10, 1994, Kevin P. O'Neill, Johnson F. Blake and Randall E. Miller, while in possession of a handgun, confronted Edward Murphy.

All in violation of Chapter 720, Sections 5/9-1(a), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b. On or about October 30, 1993, in Lake County, in the Northern district of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Johnson F. Blake**
a/k/a "Beeker",
**Randall E. Miller**
a/k/a "Madman", and
**James W. Schneider,**
a/k/a "Preacher",

did commit an act involving arson, that is, by means of an explosive, did knowingly attempt to damage, without consent, personal property having a value of $150.00 or more, in violation

> **Kevin P. O'Neill**
> a/k/a "Spike",
> **Johnson F. Blake**
> a/k/a "Beeker",
> **Randall E. Miller**
> a/k/a "Madman", and
> **James W. Schneider,**
> a/k/a "Preacher",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill, without lawful justification, Edward Murphy, and in furtherance thereof, one or more of said conspirators did commit, among others, the following overt acts: (1) On or about October 30, 1993, an explosive device was placed on a vehicle operated by Edward Murphy; (2) On February 10, 1994, Kevin P. O'Neill, Johnson F. Blake and Randall E. Miller, while in possession of a handgun, confronted Edward Murphy.

All in violation of Chapter 720, Sections 5/9-1(a), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b. On or about October 30, 1993, in Lake County, in the Northern district of Illinois, the defendants,

> **Kevin P. O'Neill**
> a/k/a "Spike",
> **Johnson F. Blake**
> a/k/a "Beeker",
> **Randall E. Miller**
> a/k/a "Madman", and
> **James W. Schneider,**
> a/k/a "Preacher",

did commit an act involving arson, that is, by means of an explosive, did knowingly attempt to damage, without consent, personal property having a value of $150.00 or more, in violation

of Chapter 720, Sections 5/20-1(a), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

c.    On or about October 30, 1993, in Lake County, in the Northern District of Illinois and elsewhere,

**Kevin P. O'Neill**
a/k/a "Spike",
**Johnson F. Blake**
a/k/a "Beeker",
**Randall E. Miller**
a/k/a "Madman", and
**James W. Schneider,**
a/k/a "Preacher",

did commit an act involving murder, that is, without lawful justification, did knowingly and intentionally attempt to kill Edward Murphy, a human being, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

d.    On or about February 10, 1994, in Lake County, in the Northern District of Illinois and elsewhere,

**Kevin P. O'Neill**
a/k/a "Spike",
**Johnson F. Blake**
a/k/a "Beeker", and
**Randall E. Miller**
a/k/a "Madman",

did commit an act involving murder, that is, without lawful justification, did knowingly and intentionally attempt to kill Edward Murphy, a human being, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

## Racketeering Act # 7

The defendants below committed the following acts, any one of which alone constitutes the commission of racketeering act # 7:

a. On or about December 15, 1993, in the District of Minnesota and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**David A. Kadlec**
a/k/a "Kid", and
**Randall E. Miller**
a/k/a "Madman",

did travel in interstate commerce from the State of Wisconsin to the State of Minnesota, with the intent to promote, manage and carry on, or facilitate the promotion, management and carrying on or an unlawful activity, to wit, arson in violation of Section 609.562 of the Minnesota Statutes, and thereafter did perform and attempt to perform acts to promote, manage and carry on, and to facilitate the promotion, management, and carrying on of said unlawful activity in violation of Title 18, United States Code, Sections 1952(a)(3) and 2.

b. On or about December 15, 1993, in Minneapolis, in the District of Minnesota, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**David A. Kadlec**
a/k/a "Kid", and
**Randall E. Miller**
a/k/a "Madman",

did commit an act involving arson, that is, by means of an explosive, did unlawfully and intentionally destroy and damage a

building and personal property valued at more than $2,500.00, in violation of Sections 609.562 and 609.05 of the Minnesota Statutes.

c. On or about December 15, 1993, in Minneapolis, in the District of Minnesota, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**David A. Kadlec**
a/k/a "Kid", and
**Randall E. Miller**
a/k/a "Madman",

did commit an act involving murder, that is, with the intent to effect the death of Patrick Matter, did attempt to cause the death of Patrick Matter, a human being, while committing arson, in violation of Sections 609.185(3), 609.562, 609.17 and 609.05 of the Minnesota Statutes.

## Racketeering Act # 8

On or about March 19, 1994, in Cook County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Carl J. Warneke**
a/k/a "Jay",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",
**Randy M. Yager**
a/k/a "Mad",
**Johnson F. Blake**
a/k/a "Beeker",
**William B. Brock**
a/k/a "Bad Bill",
**James E. Hanson**
a/k/a "Manson",

**Randall E. Miller**
a/k/a "Madman", and
**James W. Schneider**
a/k/a "Preacher",

did commit an act involving robbery, that is, did take property, to wit, United States currency, from the person and presence of another by the use of force and by threatening the imminent use of force, in violation of Chapter 720, Sections 5/18-1(a) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 9

On or about June 14, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",
**William B. Brock**
a/k/a "Bad Bill",
**James E. Hanson**
a/k/a "Manson",
**Randall E. Miller**
a/k/a "Madman",
**Harvey E. Powers**
a/k/a "RV",
**James C. Rostron**
a/k/a "Just Jim",
**James W. Schneider**
a/k/a "Preacher", and
**Leslie John Jensen**
a/k/a "Jack",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill, without lawful justification, members of the Hell's Henchmen Motorcycle Club, and in furtherance thereof, one or more

of said defendants did travel to Winnebago County, Illinois, to confront members of the Hell's Henchmen Motorcycle Club, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 10

On or about June 26, 1994, in Lake County, in the Northern District of Indiana, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",
**Randy M. Yager**
a/k/a "Mad",
**Johnson F. Blake**
a/k/a/ "Beeker",
**David A. Kadlec**
a/k/a "Kid",
**James C. Rostron**
a/k/a "Just Jim", and
**James W. Schneider**
a/k/a "Preacher",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury, to kill members of the Invaders Motorcycle Club, and in furtherance thereof, one or more of said defendants did travel to Lake County, Indiana, while armed with dangerous weapons, to confront members of the Invaders Motorcycle Club, in violation of Sections 35-42-1-1, 35-41-5-2 and 35-41-2-4 of the Indiana Statutes.

27

## Racketeering Act # 11

The defendants below committed the following acts involving murder, any one of which alone constitutes the commission of racketeering act # 11:

a.   Between on or about May 15, 1994 and June 28, 1994, in Winnebago County, in the Northern District of Illinois and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Allen McVay**
a/k/a "Big Al",
**Harvey E. Powers**
a/k/a "RV", and
**Leslie John Jensen**
a/k/a "Jack",

did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill, without lawful justification, LaMonte Mathias, and in furtherance thereof, one or more of said conspirators did kill LaMonte Mathias, a human being, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b.   On or about June 28, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Allen McVay**
a/k/a "Big Al", and
**Harvey E. Powers**
a/k/a "RV",

did, without lawful justification, knowingly and intentionally kill LaMonte Mathias, a human being, in violation of Chapter 720, Sections 5/9-1(a)(1) and 5/5-1 of the Illinois Statutes.

## Racketeering Act # 12

On or about July 12, 1994, in Lake County in the Northern District of Illinois, the defendants,

**James E. Hanson**
a/k/a "Manson", and
**James C. Rostron**
a/k/a "Just Jim",

did commit an act involving arson, that is, by means of fire, did knowingly attempt to damage, without consent, real property, in violation of Chapter 720, Sections 5/20-1(a), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

## Racketeering Act # 13

On or about September 25, 1994, in the Western District of New York and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Carl J. Warneke**
a/k/a "Jay",
**Richard E. Mroch**
a/k/a "Richie",
**Randy M. Yager**
a/k/a "Mad",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman", and
**Harvey E. Powers**
a/k/a "RV",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury,

to kill members of the Hell's Angels Motorcycle Club, and in furtherance thereof, one or more of said defendants did travel to Erie County, New York, while armed with dangerous weapons, to confront members of the Hell's Angels Motorcycle Club, in violation of Sections 125.25 and 105.15 of the Penal Laws of the State of New York.

### Racketeering Act # 14

The defendants below committed the following acts, any one of which alone constitutes the commission of racketeering act # 14:

a.   On or about October 12, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**Harvey E. Powers**
a/k/a "RV",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill, without lawful justification, Roger Fiebrantz, and in furtherance thereof, one or more of said defendants did place an explosive device on a vehicle owned and operated by Roger Fiebrantz, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b.   On or about October 12, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**Harvey E. Powers**
a/k/a "RV",

did commit an act involving murder, that is, without lawful justification, did knowingly and intentionally attempt to kill Roger Fiebrantz, a human being, in violation of Chapter 720, Sections 5/9-1(a)(1), 5/8-4(a), and 5/5-1 of the Illinois Statutes.

c. On or about October 12, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**Harvey E. Powers**
a/k/a "RV",

did commit an act involving arson, that is, by means of an explosive, did knowingly damage, without consent personal property having a value of $150.00 or more, in violation of Chapter 720, Sections 5/20-1(a) and 5/5-1 of the Illinois Statutes.

### Racketeering Act # 15

The defendants below committed the following acts, any one of which alone constitutes the commission of racketeering act # 15:

a. On or about November 7, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",

**Johnson F. Blake**
a/k/a "Beeker", and
**Harvey E. Powers**
a/k/a "RV",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill, without lawful justification, Michael Coyne, and in furtherance thereof, one or more of said defendants did place an explosive device on a vehicle owned and operated by Michael Coyne, in violation of Chapter 720, Sections 5/9-1(a), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b.   On or about November 7, 1994, in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Johnson F. Blake**
a/k/a "Beeker", and
**Harvey E. Powers**
a/k/a "RV",

did commit an act involving murder, that is, without lawful justification, did knowingly and intentionally attempt to kill Michael Coyne, a human being, in violation of Chapter 720, Sections 5/9-1(a), 5/8-4(a), and 5/5-1 of the Illinois Statutes.

c.   On or about November 7, 1994 in Winnebago County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Johnson F. Blake**
a/k/a "Beeker", and
**Harvey E. Powers**
a/k/a "RV",

did commit an act involving arson, that is, by means of an explosive, did knowingly damage, without consent, personal property having a value of $150.00 or more, in violation of Chapter 720, Sections 5/20-1(a) and 5/5-1 of the Illinois Statutes.

## Racketeering Act # 16

The defendants below committed the following acts, any one of which alone constitutes the commission of racketeering act # 16:

a. On or about November 7, 1994, in Cook County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp", and
**William B. Brock**
a/k/a "Bad Bill",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to commit murder, and in furtherance thereof, one or more of said defendants did place and detonate an explosive device, in violation of Chapter 720, Sections 5/9-1, 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b. On or about November 7, 1994, in Cook County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp", and

**William B. Brock**
a/k/a "Bad Bill",

did commit an act involving arson, that is, by means of an explosive, did knowingly damage, without consent, real property, in violation of Chapter 720, Sections 5/20-1(a) and 5/5-1 of the Illinois Statutes.

## Racketeering Act # 17

On or about December 16, 1994, in Cook County, in the Northern District of Illinois, the defendants,

**Carl J. Warneke**
a/k/a "Jay" and
**Richard E. Mroch**
a/k/a "Richie",

did commit an act involving arson, that is, did by means of fire, knowingly attempt to damage, without consent, real property, in violation of Chapter 720, Sections 5/20-1(a), 5/8-4(a) and 5/5-1 of the Illinois Statutes.

## Racketeering Act # 18

On or about December 19, 1994, in the Eastern District of Wisconsin, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike", and
**Randall E. Miller**
a/k/a "Madman",

did unlawfully transport in interstate commerce from the State of Illinois to the State of Wisconsin, United States currency of a value of $5,000 or more, knowing the same to have been stolen, in violation of Title 18, United States Code, Sections 2314 and 2.

## Racketeering Act # 19

Between on or about December 1, 1994 and February 1, 1995, in Racine County, in the Eastern District of Wisconsin and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Harvey E. Powers**
a/k/a "RV", and
**James E. Hanson**
a/k/a "Manson",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill Anthony Baschetti, and in furtherance thereof, one or more of said conspirators did surveil Anthony Baschetti in preparation for the intended killing, in violation of Sections 940.01(1), 939.31 and 939.05(1) of the Wisconsin Statutes.

## Racketeering Act # 20

The defendants below committed the following acts involving murder, any one of which alone constitutes the commission of racketeering act # 20:

a. Between on or about February 1, 1995 and March 6, 1995, in Cook County, in the Northern District of Illinois and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike", and
**Carl J. Warneke**
a/k/a "Jay",

did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury to kill, without lawful justification, Jack Castle, and in furtherance thereof, one or more of said conspirators did surveil the activities of Jack Castle in preparation for the intended killing, in violation of Chapter 720, Sections 5/9-1(a), 5/8-2(a) and 5/5-1 of the Illinois Statutes.

b.  On or about March 3, 1995, in Cook County, in the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike", and
**Carl J. Warneke**
a/k/a "Jay",

did, without lawful justification, knowingly and intentionally kill Jack Castle, a human being, in violation of Chapter 720, Sections 5/9-1(a) and 5/5-1 of the Illinois Statutes.

## Racketeering Act # 21

Between on or about March 1, 1995 and April 25, 1995, in Racine County, in the Eastern District of Wisconsin and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Harvey E. Powers**
a/k/a "RV", and
**Leslie John Jensen**
a/k/a "Jack",

did commit an act involving murder, that is, did knowingly and intentionally combine, conspire, confederate and agree among

themselves and with others known and unknown to the grand jury to kill Jerry Bokina, and in furtherance thereof, one or more of said conspirators did surveil the activities of Jerry Bokina in preparation for the intended killing, in violation of Sections 940.01(1), 939.31 and 939.05(1) of the Wisconsin Statutes.

## Racketeering Act # 22

On or about April 6, 1995, in Kenosha County, in the Eastern District of Wisconsin, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**James E. Meinen, Jr.**
a/k/a "LJ",

did commit an act involving robbery, that is, did, with intent to steal, attempt to take property from the person or presence of the owner by the use of force against said person, intended to overcome said person's physical resistance to the taking and carrying away of the property, in violation of Sections 943.32(1)(a), 939.32 and 939.05(1) of the Wisconsin Statutes.

## Racketeering Act # 23

Between on or about January 1, 1989 and continuing to on or about June 10, 1997, in the Eastern District of Wisconsin and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",

37

**Johnson F. Blake**
a/k/a "Beeker",
**Allen J. McVay**
a/k/a "Big Al",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman",
**Harvey E. Powers**
a/k/a "RV", and
**James W. Schneider**
a/k/a "Preacher",

did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury, to possess with intent to distribute and to distribute cocaine, a controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), and in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

### Racketeering Act # 24

Between on or about January 1, 1994 and continuing to on or about February 29, 1996, in the Eastern District of Wisconsin and elsewhere, the defendants,

**James E. Meinen, Jr.**
a/k/a "LJ", and
**Randall E. Miller**
a/k/a "Madman",

did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury, to possess with intent to distribute and to distribute hydrocodone, a controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1),

and in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

### Racketeering Act # 25

In or about February, 1992, in the Eastern District of Wisconsin, the defendants,

**Randall E. Miller**
a/k/a "Madman",

did, with intent to defraud, pass, utter and publish, falsely made, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes of denominations totaling approximately $100,000.00, which they then knew to be falsely made, forged and counterfeited, in violation of Title 18, United States Code, Sections 472 and 2.

### Racketeering Act # 26

In or about July, 1993, in the Eastern District of Wisconsin, the defendants,

**Raymond L. Morgan, Jr.**
a/k/a "Shemp",

did knowingly buy and receive false, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes of denominations totaling approximately $100,000.00, with the intent that the same be passed, published or used as true and genuine, in violation of Title 18, United States Code, Sections 473 and 2.

### Racketeering Act # 27

In or about January, 1995, in the Western District of Wisconsin, the defendants,

### Harvey E. Powers
### a/k/a "RV",

did, with intent to defraud, possess falsely made, forged and counterfeited obligations of the United States, that is, Federal Reserve Notes of denominations totaling approximately $17,000.00 which he knew to be falsely made, forged and counterfeited, in violation of Title 18, United States Code, Sections 472 and 2.

### Racketeering Act # 28

On or about September 18, 1991, in the Northern District of Illinois, the defendant,

### William B. Brock
### a/k/a "Bad Bill",

did unlawfully transport in interstate and foreign commerce stolen motor vehicles, that is, a 1990 Harley Davidson motorcycle, VIN # 1HD1DJL1XLY511271 and a 1990 Harley Davidson motorcycle, VIN # 1HD1FAL18LY508041, from the State of Illinois and the United States of America, to Germany, knowing said motor vehicles to be stolen, in violation of Title 18, United States Code, Sections 2312 and 2.

### Racketeering Act # 29

On or about May 13, 1992, in the Northern District of Illinois, the defendant,

### William B. Brock
### a/k/a "Bad Bill",

did unlawfully transport in interstate and foreign commerce a stolen motor vehicle, that is, a 1991 Harley Davidson motorcycle, VIN # 1HD1EBL12MY128056, from the State of Illinois and the United States of America, to Germany, knowing the same to be

stolen, in violation of Title 18, United States Code, Sections 2312 and 2.

### Racketeering Act # 30

On or about October 7, 1992, in the Northern District of Illinois, the defendant,

**William B. Brock**
a/k/a "Bad Bill",

did unlawfully transport in interstate and foreign commerce a stolen motor vehicle, that is, a 1992 Harley Davidson motorcycle, VIN # 1HD1BML13NY028750, from the State of Illinois and the United States of America, to Germany, knowing the same to be stolen, in violation of Title 18, United States Code, Sections 2312 and 2.

### Racketeering Act # 31

On or about October 20, 1994, in the Northern District of Illinois, the defendant,

**William B. Brock**
a/k/a "Bad Bill",

did knowingly possess with intent to sell and otherwise dispose of a motor vehicle, that is, a 1990 Nissan Sentra, VIN # 1N4GB22B9LC736592, knowing that the vehicle identification number (VIN) of said vehicle had been unlawfully removed, obliterated, tampered with and altered, in violation of Title 18, United States Code, Section 2321 and 2.

### Racketeering Act # 32

On or about December 2, 1994, in the Northern District of Illinois, the defendant,

**William B. Brock**
a/k/a "Bad Bill",

did knowingly possess with intent to sell and otherwise dispose of a motor vehicle, that is, a 1988 Ford Crown Victoria, VIN # 2FABP74F9JX135305, knowing that the vehicle identification number (VIN) of said vehicle had been unlawfully removed, obliterated, tampered with and altered, in violation of Title 18, United States Code, Section 2321 and 2.

### Racketeering Act # 33

On or about December 15, 1994, in the Northern District of Illinois, the defendant,

**William B. Brock**
a/k/a "Bad Bill",

did knowingly possess with intent to sell and otherwise dispose of a motor vehicle, that is, a 1989 Ford Crown Victoria, VIN # 2FABP74F9KX109059, knowing that the vehicle identification number (VIN) of said vehicle had been unlawfully removed, obliterated, tampered with and altered, in violation of Title 18, United States Code, Section 2321 and 2.

### Racketeering Act # 34

On or about January 30, 1995, in the Eastern District of Wisconsin, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**Harvey E. Powers**
a/k/a "RV",

did knowingly possess with intent to sell and otherwise dispose of a motor vehicle, that is, a 1949 Harley Davidson motorcycle,

VIN # 49FL7206, knowing that the vehicle identification number (VIN) of said vehicle had been unlawfully removed, obliterated, tampered with and altered, in violation of Title 18, United States Code, Section 2321 and 2.

All in violation of Title 18, United States Code, Section 1962(c).

### Count Two

### I.    Introduction

1.    The paragraphs of Sections I, II, III and IV, of Count One are realleged and incorporated by reference as though fully set forth herein.

### II.    The Racketeering Conspiracy

2.    From on or about January 1, 1988, the exact date being unknown to the grand jury, and continuing to on or about June 10, 1997, in the Eastern District of Wisconsin and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Carl J. Warneke**
a/k/a "Jay",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",
**Randy M. Yager**
a/k/a "Mad",
**Johnson F. Blake**
a/k/a "Beeker",
**William B. Brock**
a/k/a "Bad Bill",
**James E. Hanson**
a/k/a "Manson",
**David A. Kadlec**
a/k/a "Kid",

**Allen J. McVay**
a/k/a "Big Al",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman",
**Harvey E. Powers**
a/k/a "RV",
**James C. Rostron**
a/k/a "Just Jim",
**James W. Schneider**
a/k/a "Preacher", and
**Leslie John Jensen**
a/k/a "Jack",

being persons employed by and associated with the enterprise described in Section II of Count One, that is, the Chicago Region of the Outlaws Motorcycle Club, knowingly, willfully and unlawfully did combine, conspire, confederate, and agree among themselves and with others known and unknown to the grand jury, to commit an offense against the United States, to wit: to violate Title 18, United States Code, Section 1962(c), that is to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise, which was engaged in, and the activities of which affected, interstate and foreign commerce, through a pattern of racketeering activity, as those terms are defined in Title 18, United States Code, Sections 1961(1) and (5). The pattern of racketeering activity through which the defendants agreed to conduct the affairs of the enterprise, consisted of the acts set forth in Section VI of Count One of this indictment, which are realleged and incorporated by reference as though fully set forth herein.

3. It was further part of the conspiracy that the defendants agreed that a conspirator would commit at least two

acts of racketeering activity in the conduct of the affairs of the enterprise.

All in violation of Title 18, United States Code, Section 1962(d).

### Count Three

Between on or about January 1, 1989 and continuing to on or about June 10, 1997, in the Eastern District of Wisconsin and elsewhere, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",
**Johnson F. Blake**
a/k/a "Beeker",
**Allen J. McVay**
a/k/a "Big Al",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman",
**Harvey E. Powers**
a/k/a "RV", and
**James W. Schneider**
a/k/a "Preacher",

did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury, to possess with intent to distribute and to distribute cocaine, a controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), and in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## Count Four

Between on or about January 1, 1994 and continuing to on or about February 28, 1996, in the Eastern District of Wisconsin and elsewhere, the defendants,

**James E. Meinen, Jr.**
a/k/a "LJ", and
**Randall E. Miller**
a/k/a "Madman",

did knowingly and intentionally combine, conspire, confederate and agree among themselves and with others known and unknown to the grand jury, to possess with intent to distribute and to distribute hydrocodone, a controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1), and in violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## Count Five

1. At all times material to this indictment, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**James W. Schneider**
a/k/a "Preacher",

together with other persons known and unknown to the grand jury, were members of the Chicago Region of the Outlaws Motorcycle Club which constituted an enterprise as defined in Title 18, United States Code, Section 1959(b)(2), that is, a group of individuals associated in fact which was engaged in, and the activities of which affected, interstate and foreign commerce.

## Count Six

On or about October 12, 1994, in the Eastern District of Wisconsin and the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay", and
**Harvey E. Powers**
a/k/a "RV",

did knowingly transport, in interstate commerce, an explosive with the knowledge and intent that it would be used to kill, injure and intimidate Roger Fiebrantz or any other individual, and unlawfully damage and destroy a vehicle and other real and personal property, and which did directly result in personal injury to Roger Fiebrantz, in violation of Title 18, United States Code, Section 844(d).

## Count Seven

On or about November 5, 1994, in the Eastern District of Wisconsin and the Northern District of Illinois, the defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Johnson F. Blake**
a/k/a "Beeker", and
**Harvey E. Powers**
a/k/a "RV",

did knowingly transport, in interstate commerce, an explosive with the knowledge and intent that it would be used to kill, injure and intimidate Michael Coyne or any other individual, and

unlawfully damage and destroy a vehicle and other real and personal property, in violation of Title 18, United States Code, Section 844(d).

## RICO Forfeiture Allegations

1. The allegations of Counts One and Two of the Indictment are hereby realleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeitures, pursuant to the provisions of Title 18, United States Code, Section 1963.

2. The defendants,

**Kevin P. O'Neill**
a/k/a "Spike",
**Carl J. Warneke**
a/k/a "Jay",
**Raymond L. Morgan, Jr.**
a/k/a "Shemp",
**Robert A. Kruppstadt**
a/k/a "Clay",
**Richard E. Mroch**
a/k/a "Richie",
**Randy M. Yager**
a/k/a "Mad",
**Johnson F. Blake**
a/k/a "Beeker",
**William B. Brock**
a/k/a "Bad Bill",
**James E. Hanson**
a/k/a "Manson",
**David A. Kadlec**
a/k/a "Kid",
**Allen J. McVay**
a/k/a "Big Al",
**James E. Meinen, Jr.**
a/k/a "LJ",
**Randall E. Miller**
a/k/a "Madman",
**Harvey E. Powers**
a/k/a "RV",
**James C. Rostron**
a/k/a "Just Jim",
**James W. Schneider**
a/k/a "Preacher", and

**Leslie John Jensen**
a/k/a "Jack",

a. have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests, in whatever forms, wherever located, and in whatever names held, are therefore subject to forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 1963(a)(1);

b. have an interest in, security of, claims against and property and contractual rights affording a source of influence over the enterprise named and described herein, which the defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and property and contractual rights, in whatever names held, in whatever form, and wherever located, are subject to forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 1963(a)(2);

c. have property consisting and derived from proceeds which the defendants obtained, directly and indirectly, from racketeering activity in violation of Title 18, United States Code, Section 1962, which property, in whatever form, wherever located, and in whatever names held, is subject to forfeiture to the United States of America, pursuant to Title 18, United States Code, Section 1963(a)(3).

3. The interests subject to forfeiture to the United States of America, pursuant to paragraphs 1 and 2 above, include but are not limited to the following:

a. The property located at 1263 South Cherry Street, Janesville, Wisconsin, including all land, buildings, fixtures, and chattels known as the Clubhouse.

b. The property located at 1835-9 South 2nd Street, Milwaukee, Wisconsin, including all land, buildings, fixtures, and chattels known as the Clubhouse.

c. The property located at 2601-03 West 25th Street, Chicago, Illinois, including all land, buildings, fixtures, and chattels known as the Clubhouse.

d. The property located at 3745 Division Street, Chicago, Illinois, including all land, buildings, fixtures, and chattels known as the Clubhouse.

e. The property located at 1917 E. Washington Street, Joliet, Illinois, including all land, buildings, fixtures, and chattels known as the Clubhouse.

f. The property located at 3265 Carolina Street, Gary, Indiana, including all land, buildings, fixtures, and chattels known as the Clubhouse.

g. The property located at 504 Avon Street, LaCrosse, Wisconsin, including all land, buildings, fixtures, and chattels known as the Clubhouse.

h. An assembled motorcycle, consisting of a Tripoli brand frame, Delkron brand engine cases and miscellaneous parts,

registered with the State of Wisconsin as a 1995 Replica, Title # 952491CO14-6 and VIN # 2T91FEL49NR097026.

4. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third person;

    c.   has been placed beyond the jurisdiction of the Court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property. The above-named defendants, and each of them, are jointly and severely liable for the forfeiture obligations as alleged above.

All pursuant to Title 18, United States Code, Section 1963.

**A TRUE BILL:**

/s/ JAmes Schultz
FOREPERSON
Dated:

/s/ Barbara B. Berman for
THOMAS P. SCHNEIDER
United States Attorney