# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>DAVID A. KADLEC,<br><br>                      Defendant. | Case No. 97-CR-98-10-JPS<br><br>**ORDER** |

      On September 20, 2022, Attorney Kathleen Quinn ("Attorney Quinn") filed a motion to withdraw as counsel for Defendant. ECF No. 2312. That same day, Defendant filed, pro se but with the assistance of his friend (and non-lawyer) Andrew Geltzer, a brief in support of his renewed motion for compassionate release. ECF No. 2313. Therein, Defendant wrote that "Attorney Kathleen Quinn has offered to assist with any supplemental filings, should they be needed." *Id.* at 3. On October 4, 2022, Attorney Quinn filed a letter (1) explaining the apparent misunderstanding on the part of Defendant and (2) noting that she provided Defendant with three options on how to move forward with her representation and requested that he sign off on one of them. ECF No. 2318.

      On October 28, 2022, Attorney Quinn filed the following statement signed by Defendant:

> I, David Kadlec, would like the Court to grant Attorney Quinn's motion to withdraw as my attorney which was filed at my request. I do <u>not</u> request the appointment of another attorney to represent me. Instead, I ask the Court to accept pro se filings, prepared for me by Andrew Geltzer, a non-attorney friend. I understand that Attorney Quinn will <u>not</u> review, approve, or supplement Mr. Geltzer's filings. I understand Mr. Geltzer or I may try to locate another attorney who is

willing to review or supplement Mr. Geltzer's filings but Attorney Quinn will not do so.

ECF No. 2322-1.

Separately, in its opposition to Defendant's renewed motion for compassionate release, the Government wrote:

> [T]he government notes that it is unclear, at present, whether Kadlec is proceeding pro se, assisted by Andrew Geltzer, or whether he may still be represented in some fashion by Attorney Kathleen Quinn. See Dkt. 2318 (Letter from Attorney Quinn). With that in mind, the government respectfully requests an opportunity to supplement this response, if it seems appropriate to do so, after Attorney Quinn provides her anticipated status report to the court on or about October 17, 2022.

ECF No. 2320 at 3–4.

In the intervening time, the Government has not updated its filings, nor has any other attorney appeared for Defendant. The Court will not wait indefinitely while Defendant "may try to locate another attorney," as he wrote in his sworn statement, and will take the fully briefed motion under advisement as submitted. ECF No. 2322-1.

Further, in light of Defendant's signed statement, the Court will grant Attorney Quinn's motion to withdraw, ECF No. 2312. *See Parker v. Four Seasons Hotels, Limited*, 845 F.3d 807, 815 (7th Cir. 2017); *Cnty., Mun. Employees' Supervisors' & Foremen's Union Loc. 1001 (Chicago Illinois) v. Laborers' Int'l Union of N. Am.*, 365 F.3d 576, 579 (7th Cir. 2004) ("[T]he client's authority to control the litigation remains absolute; an attorney must withdraw from the representation as soon as the client so instructs."). An order on Defendant's fully briefed renewed motion for compassionate release as currently submitted will be forthcoming.

Accordingly,

**IT IS ORDERED** that Attorney Kathleen Quinn's motion to withdraw as counsel for Defendant, ECF No. 2312, be and the same is hereby **GRANTED**; the Clerk of Court is **DIRECTED** to terminate Attorney Kathleen Quinn as counsel of record for Defendant.

Dated at Milwaukee, Wisconsin, this 19th day of January, 2023.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge