UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

v.

RANDALL E. MILLER,

                Defendant.

Case No. 97-CR-98-13-JPS

**ORDER**

In February 2022, the Court denied Defendant Randall E. Miller's ("Defendant") first and second motions for compassionate release. ECF No. 2276. While the Court did not reach a "conclusive answer" on the issue of whether Defendant had provided an extraordinary and compelling basis for release under 18 U.S.C. § 3582(c)(1)(A), it held that "[t]he [18 U.S.C.] § 3553(a) factors counsel[ed] against Defendant's early release." *Id.* at 11, 14. The Court reasoned that "[p]erhaps this case will one day be ripe for compassionate release, but 24 years [wa]s not yet sufficient time for the community's hurt from Defendant's actions to be healed by his punishment and outweighed by his failing health." *Id.* at 14.

Now before the Court is Defendant's third motion for compassionate release. ECF No. 2366. For the most part, Defendant does not raise any issues that the Court did not already consider and adjudicate in its prior order. *Compare* ECF No. 2276 at 3–5, 10–11 (analyzing Defendant's age, medical conditions, rehabilitation, and the COVID-19 pandemic), *with* ECF No. 2366 at 4–6 (raising age, same medical conditions, and rehabilitation).

Defendant raises only two novel arguments. First, he argues that the Bureau of Prisons' (the "BOP") inadequate response to the COVID-19 pandemic—not the COVID-19 pandemic itself—constitutes an extraordinary and compelling basis for release. ECF No. 2366 at 5 ("[Defendant] is making these claims based on the risk to his health and life if he is exposed to the deadly virus because of the negligence of the health care administration where he is being housed."). Second, he cites to the November 1, 2023 amendments to the policy statement referenced in § 3582(c)(1)(A), ECF No. 2366 at 3, and later argues that his sentence "presents a sentencing disparity that created a[n] 'extraordinary and compelling' reason to grant compassionate release," *id.* at 6–7. He suggests that the sentence he would receive today would be lower and that his co-defendants received comparatively lower sentences. *Id.*

Typically, the Court sets a briefing schedule on motions for compassionate release. However, such a schedule is not necessary in this case at this time. While conditions at an institution may be raised in a motion for compassionate release, they must be connected to the defendant's specific circumstances. *See United States v. Newton*, 996 F.3d 485, 490–91 (7th Cir. 2021) (citing *United States v. Joiner*, 988 F.3d 993, 995–96 (7th Cir. 2021)). Broader "[a]llegations that the BOP has failed to provide protection from COVID-19 and subjected [a defendant] to inadequate conditions thereby violating [his] constitutional rights might form the basis for relief in a civil suit, but such allegations are not grounds for a sentence reduction under § 3582(c)(1)(A)." *United States v. Cockerell*, No. 4:15-CR-00028-TWP-VTW-5, 2024 WL 1741751, at *3 (S.D. Ind. Apr. 22, 2024) (citing *United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022)). Defendant generally raises the BOP's negligence, but he connects

these allegations only to medical conditions that the Court already considered in its prior order, and thus does not provide a persuasive reason for why this is a novel argument as compared to his prior motion.

With respect to the November 1, 2023 amendments to the policy statement referenced in § 3582(c)(1)(A)—which is set forth at U.S.S.G. § 1B1.13—the Court has already thoroughly analyzed the issue of whether these changes allow for a finding that an unusually long sentence that produces a gross disparity due to an intervening change in the law may be considered an extraordinary and compelling basis for release. *See United States v. O'Neill*, No. 97-CR-98-1-JPS, 2024 WL 2369102, at *9–22 (E.D. Wis. May 23, 2024). The Court concluded that the United States Sentencing Commission exceeded its statutory authority with the addition of subsection (6) to § 1B1.13, which purports to allow, for defendants who have served at least 10 years of an "unusually long sentence," a "change in the law . . . [that] produce[s] a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed" to be considered an extraordinary and compelling basis for release under § 3582(c)(1)(A). *Id.* The Court stands by that conclusion. Applying that conclusion, the Court is left with Seventh Circuit precedent, by which it is bound, holding that intervening changes in the law that produce a gross sentencing disparity are not extraordinary and compelling. *Id.* at *22 (citing *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021) and *United States v. Black*, No. 05 CR 70-4, 2024 WL 449940, at *11 (N.D. Ill. Feb. 6, 2024)). And to the extent that Defendant suggests that his sentence disparity with certain co-defendants alone is extraordinary and compelling, the Seventh Circuit has rejected that argument. *Id.* at *22 (citing *United States v. Arojojoye*, 806 F. App'x 475, 478 (7th Cir 2020)).

For these reasons, neither of Defendant's two novel arguments is successful. As to Defendant's remaining bases for release, absent a change in an individual defendant's circumstances, the Court generally does not analyze successive motions for compassionate release that raise the same grounds that have already been adjudicated. *See, e.g.*, *United States v. Porter*, No. 17-CR-30057, 2020 WL 7388618, at *1 (C.D. Ill. Dec. 16, 2020) (considering second motion for compassionate release after first motion was denied on its merits and new motion argued a change in defendant's circumstances); *United States v. Vaughn*, No. 99-CR-30068, 2021 WL 130967, at *1 (C.D. Ill. Jan. 13, 2021) (same).

However, the Court invited a successive motion as to Defendant when it held that the case may one day be ripe for compassionate release. That day has not come. The Court stands by its analysis in its February 2022 order and reaffirms that the § 3553(a) factors strongly counsel against Defendant's early release. At trial, Defendant was found to be involved with twelve proven racketeering acts, including nine that involved murders, attempted murders, the use of explosives, and violent assaults. ECF No. 2276 at 13. He participated in one murder over a load of marijuana, and he personally slit another elderly individual's throat after he didn't find money that he was hoping to find in an attempted robbery. *Id.* Defendant has now been in prison for approximately 27 years, which is still not enough time for the community's hurt to be outweighed by his time in prison, his age and medical conditions, or his rehabilitation.

Accordingly,

**IT IS ORDERED** that Defendant Randall E. Miller's third motion for compassionate release, ECF No. 2366, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 2nd day of July, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge